UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STEVEN C. LOPEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. C-06-116 |
| § | |
| COUNTRYWIDE MORTGAGE, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the court are Defendant Countrywide Home Loan, Inc.'s ("Countrywide") Motion for Partial Summary Judgment (dkt. #55) and Plaintiff's Motion for Summary Judgment Regarding Validity of Rescission Deed (dkt. #56). After reviewing the motions, responses, applicable law and in light of the agreement between the parties, the court is of the opinion that both motions should be GRANTED in part.

### Factual and Procedural Background

This lawsuit arises out of a settlement agreement executed in November 2003 between Plaintiff, Plaintiff's uncle, Thomas Lopez, First American Title Insurance Company and Countrywide regarding a debt secured by a deed of trust lien against the following property:

> **LOT 17, BLOCK 78, PADRE ISLAND–CORPUS CHRISTI, SECTION NO. 2, NUECES COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 33, PAGES 80–82 OF THE MAP RECORDS OF NUECES COUNTY, TEXAS** (the "Property").

Pursuant to the settlement agreement, Thomas Lopez executed and delivered to Plaintiff a Special Warranty deed to the Property. Likewise, Plaintiff agreed to assume and pay the balance of the mortgage as documented in the Deed of Trust to Countrywide. The Deed of Trust had an outstanding balance of $332,500.00, which Plaintiff agreed to pay in periodic payments. The Deed

of Trust was not recorded in the property records until September 2004.

Because of the delay in filing the Deed of Trust in the property records, Plaintiff was unable to obtain information about the mortgage from Countrywide.  Plaintiff did not make any payments on the loan; thus, Countrywide began foreclosure proceedings on the Property and sent notice of such to Plaintiff on September 9, 2005.  A non-judicial foreclosure sale was held on October 4, 2005 and Countrywide purchased the Property on that date from the trustee.

Thereafter, a Petition for Forcible Detainer was filed against Plaintiff on November 14, 2005. Although it is disputed when and if Plaintiff was evicted from the Property,[1] Plaintiff maintains he was evicted from the Property in December and has not resided there since.  He does concede that he still has personal property at the residence.

Plaintiff filed the present lawsuit against Countrywide on March 14, 2006 and amended his complaint on October 10, 2006, alleging, among other things, that Countrywide breached the terms of the initial settlement agreement and that Countrywide wrongfully foreclosed his property.[2] Plaintiff also seeks to hold Countrywide liable for mold damage to the Property.

On May 23, 2006, Countrywide directed the trustee to execute a "Rescission of Trustee's Sale by Affidavit to Purge" ("Rescission Deed") which purported to rescind the earlier foreclosure sale. The Rescission Deed provided that "At the time the [trustee] executed the Deed [at foreclosure], one or more conditions precedent required by Tex. R. Civ. P. 54 and Tex. Prop. Code

---

[1] On April 14, 2006, the following representations were made at the pretrial conference before Judge Jack:  Countrywide: "there has already been a foreclosure and [Plaintiff has] already been evicted"; Plaintiff: Steve Lopez is still currently on the property and the foreclosure was made against Thomas Lopez.  D.'s M.S.J. (dkt. #55), Ex. H, pg. 6.

[2] As the court is only addressing the limited issue of the validity of the Rescission Deed at this time, the court expresses no opinion as to any defects in the foreclosure sale.

§ 51.002 to conduct the putative foreclosure had not been accomplished, and the Deed is void and without force and effect.  Further [Countrywide] has not accepted delivery of said Deed; therefore, no conveyance of the Property had been made.  Therefore, said property remains the property of Thomas E. Lopez, subject to said lien."[3] Countrywide maintains it took this action "for the sole purpose of providing Plaintiff a new loan and in order to facilitate settlement of this matter at mediation, which was unsuccessful."[4] The Rescission Deed was filed in the property records in June 2006.  Plaintiff vehemently contends that he was never involved in any settlement negotiations where he agreed to retake the Property and revive the underlying mortgage obligation.[5] Plaintiff argues he was not notified about the Rescission Deed until August 29, 2006.  In this interim period between the alleged eviction and the filing of the Rescission Deed, the Property remained vacant, and allegedly became contaminated with mold after the electricity service was shut off.  Plaintiff contends Countrywide attempted to rescind the foreclosure sale after discovering the mold damage to the Property.

After several telephone conferences and disputes about which party is responsible for maintaining the Property, the court ordered the parties to file partial motions for summary judgment regarding the validity of the Rescission Deed.

## Discussion

Both parties apparently agree that the Rescission Deed is void and has no legal effect.

---

[3] P.'s MSJ (dkt. #56), Ex. A.

[4] *Id.* Ex. D.

[5] There is also no mention of rescinding the foreclosure sale during the initial pretrial conference before Judge Jack (presiding judge prior to recusal) when she ordered mediation.  *See* D's MSJ (dkt. #55), Ex. H.

Notwithstanding the agreement between the parties, the court finds the Rescission Deed to be legally invalid, and therefore, it had no effect on the foreclosure sale. A similar case was presented to the Corpus Christi Court of Appeals.[6] In *Bonilla v. Roberson*, 918 S.W.2d 17 (Tex. App.–Corpus Christi 1996, no writ), the mortgagee attempted to rescind a proper foreclosure sale by having the substitute trustee file a cancellation deed in the property records after discovering the property he reacquired at the foreclosure sale had been extensively damaged. *Id.* at 19. The mortgagee directed the substitute trustee to file the cancellation deed two months after the foreclosure sale. *Id.* at 20. The court found the cancellation deed had no effect and concluded when a party with a property interest wishes to challenge a sale's validity, the proper action is to bring a cause of action to set aside the sale and cancel the trustee's deed; however, he cannot simply enter into a private arrangement with the trustee for cancellation of the deed obtained at the foreclosure sale. *Id.* at 21–22. The court explained:

> The trustee under a deed of trust has limited authority to act as the mortgagor's agent only in the *sale* of the property. . . Once a sale is complete, there is no further express or implied authority to act as the mortgagor's agent in the cancellation or rescission of a sale. A trustee does not have the power to execute a "Cancellation of Deed" purporting to take back title to the property and resurrect the underlying debt. To imply a power in the trustee to nullify a sale after the sale is complete and the trustee's deed has been executed, delivered, and filed, would be to give the trustee powers never specified or contemplated by the deed of trust. . . Any subsequent action to avoid the sale must be brought by the parties as a cause of action.

Id. at 22 (emphasis in original).

In all relevant respects, Countrywide attempted the same maneuvering as the mortgagee in *Bonilla*. Countrywide maintains it took this action in order to facilitate settlement and revive the

---

[6] Based on the court's diversity jurisdiction, Texas substantive law will apply. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Spence v. Glock,* 227 F.3d 308, 311 (5th Cir. 2000).

underlying mortgage obligation such that Plaintiff could regain the Property.  However, there is no evidence in the record that the court instructed Countrywide to take this action or that Plaintiff agreed, or was even aware, of the rescission putting title back in his name.  *See Williams v. Countrywide Home Loans, Inc.*, 2007 WL 2076960, *14 (S.D. Tex. 2007) (indicating parties may agree to rescind the foreclosure sale).

Consequently, title of the Property will be held by Countrywide as if no Rescission Deed has been entered into the property records.  The primary dispute remaining involves Countrywide's request for Plaintiff to execute a deed without warranty transferring title of the Property to Countrywide.  The court finds it unnecessary for Plaintiff to execute a deed without warranty because the effect of this Order is to place the parties in their pre-rescission status, as if the Rescission Deed was never executed.  If necessary, this Order may be filed in the property records to clarify the chain of title.

## Conclusion

For the foregoing reasons, the court ORDERS:

(1) the Rescission Deed (Document Number 2006028337 in the Official Records of Nueces County, Texas) is declared null and void;

(2) subject to a final resolution of the claims asserted in this cause of action, Countrywide is declared owner of record title to the Property in accordance with the Substitute Trustee's Deed (Document Number 2005052833 in the Official Records of Nueces County, Texas);

(3) Plaintiff shall remove his personal property from the Property within thirty (30) days from the date of this Order; if Plaintiff does not remove his personal property

       within thirty days, Countrywide may dispose of it as it sees fit; and

(4)      any relief not granted herein is denied.

SIGNED this 24th day of August, 2007.

                                                 _____
                                                      JOHN D. RAINEY
                                                UNITED STATES DISTRICT JUDGE