UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN C. LOPEZ, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-06-116 |
| | § | |
| COUNTRYWIDE MORTGAGE, | § | |
| | § | |
|    Defendant. | § | |

## ORDER

Pending before the Court are Plaintiff's Motion to Join Defendants and to Amend Complaint (Dkt. #92), Defendant, Countrywide Mortgage's ("Countrywide") Motion to Strike Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. ("Barrett Burke") (Dkt. #95), and Countrywide's Motion to Strike Summons to Barrett Burke (Dkt. #97). After considering the motions, responses and applicable law, the Court is of the opinion that Plaintiff's Motion to Join Defendants and to Amend should be DENIED, and Countrywide's motions should also be DENIED.

### Factual and Procedural Background

On March 14, 2006, Plaintiff sued Countrywide Mortgage ("Countrywide") for various causes of action stemming from the alleged wrongful foreclosure of his residence in Corpus Christi, Texas. This case has been actively litigated since that time. Specifically, the parties have conducted numerous depositions, exchanged thousands of documents in response to discovery requests, submitted various motions, and the Court entered partial summary judgment on August 24, 2007 putting the title of the property back in Countrywide's name.

The scheduling order, entered on August 31, 2007, set the deadline for adding new parties for October 1, 2007 ( Dkt. #72). After holding a telephone conference with the parties on September

26, 2007, the Court stayed discovery based on Plaintiff's representation that he intended to add Barrett Burke as a party to the action. Plaintiff was given until October 3, 2007 to add a new party (Dkt. #76). By unopposed motion, Plaintiff's deadline to add a new party was again extended to October 14, 2007 (Dkt. #79). On October 15, 2007, Plaintiff filed his Third Amended Complaint adding Barrett Burke as a Defendant.

On October 31, 2007, the Court granted the parties' unopposed motion to stay all pending deadlines in the scheduling order, including the trial setting for April 2008, until Barrett Burke could answer in this action. Plaintiff's attorney, Samuel Livingston, filed a motion to withdraw as counsel on November 14, 2007, which the Court granted on December 7, 2007. Plaintiff's new counsel appeared in the case on January 15, 2008. On February 15, 2008, Plaintiff filed the instant motion to join defendants Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") and motion for leave to file a Fourth Amended Complaint.[1] Countrywide objected to the addition of the new defendants and the amended complaint and filed a motion to strike Barrett Burke because Plaintiff failed to serve Barrett Burke within 120 days, as required by Federal Rule of Civil Procedure ("FRCP") 4(m).

On March 6, 2008, Plaintiff served Barrett Burke. Plaintiff explained that during the transition from the old attorney to the new attorney, no one realized that Barrett Burke had not been served. Countrywide moved to strike the summons as untimely. Barrett Burke has filed a Motion to Dismiss under FRCP 12(b)(6) arguing Plaintiff has failed to state a claim for which relief can be granted (Dkt. #100). Barrett Burke has not challenged the untimely service.

---

[1] The Court will construe Plaintiff's motion to amend as a motion for leave to amend because Plaintiff does not have Countrywide's consent as required by FRCP 15.

I.     Motion to Join and Amend

Plaintiff seeks to join two additional defendants pursuant to the permissive joinder FRCP 20(a) and amend his complaint pursuant to FRCP 15 to reflect the current status of the case. The Fourth Amended Complaint adds Merscorp and MERS, alleging that they actively participated in the wrongful foreclosure of Plaintiff's property. Plaintiff maintains that allowing the amendment and addition of the new defendants will not prejudice any party to the action and will foster judicial economy. Countrywide strenuously objects to the late addition and amendment. Countrywide claims that Plaintiff now seeks to add two more parties which were never previously identified by Plaintiff as potential parties and without explanation as to why justice requires their joinder.

The provisions for permissive joinder under Rule 20 are very broad ,and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice. *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir.1969). Rule 15(a) requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted). A district court must possess a "substantial reason" to deny a request for leave to amend, *id.*, but "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted). In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

After considering the appropriate factors and the circumstances of this case, the Court will deny Plaintiff's motion to join MERS and Merscorp and its motion for leave to file the Fourth Amended Complaint. Plaintiff solely relies on the fact that he has new counsel to justify this late addition and amendment. Although Mr. Coriden only appeared in this case in January, Mr. Cromwell has worked on this case from the beginning. Thus, the presence of new counsel alone does not justify allowing joinder and amendment at this late stage. Further, it was Plaintiff's own lack of diligence in timely adding these parties to the litigation that convinces the Court to deny the addition. MERS, a wholly-owned subsidiary of Merscorp, has been directly involved in the transactions that have taken place in the foreclosure. MERS has always been listed as the original mortgagee of the property. It was also named as the grantee on the rescission deed dated May 23, 2006 and was the Plaintiff in the forcible detainer action against Mr. Lopez.[2] The Plaintiff has been given three opportunities to amend his complaint and over two years to identify parties to this action. Also, allowing Plaintiff to add two new parties will only cause additional delay in a case that has been pending for over two years. This action has been stayed for over five months, the amount of time it took Plaintiff to serve Barrett Burke, and this action would continue to be dormant while Plaintiff serves Merscorp and MERS. Finally, given that significant discovery has been completed, it is likely that MERS and Merscorp will need to recall numerous individuals who have already been deposed, causing further duplication and delay. Thus, the Court will deny Plaintiff's motion for leave to amend and his motion to join new parties.

II.     <u>Motion to Strike Barrett Burke and Summons</u>

Countrywide moves to strike Barrett Burke, a defendant previously added in Plaintiff's Third

---

[2] *See* P.'s Mot. for Summary Judgment (Dkt. #56).

Amended Complaint because Plaintiff did not timely serve Barrett Burke. Countrywide has cited no authority, and the Court has found none, to support Countrywide's standing to challenge service on behalf of another defendant. Further, at this time, the issue has become moot because Barrett Burke has been served and answered in this action. Although Plaintiff was dilatory in serving Barrett Burke, Countrywide has been on notice since October 2007 that Plaintiff intended to make Barrett Burke a party to this action and all activity in the case has been stayed. Thus, Countrywide will not suffer any prejudice by allowing Barrett Burke to remain in this action.

## Conclusion

Accordingly, the Court will deny Plaintiff's Motion to Join Defendants and to Amend Complaint (Dkt. #92), and will deny Countrywide's Motion to Strike Barrett Burke (Dkt. #95), and it's Motion to Strike Summons to Barrett Burke (Dkt. #97). Because of the lengthy delay in this case thus far, the Court will lift the stay and enter a separate scheduling order in order to get the case back on the Court's trial docket.

It is so ORDERED.

SIGNED this 2nd day of April, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE