UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN C. LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-116 |
| | § | |
| COUNTRYWIDE MORTGAGE | § | |
| & BARRETT DAFFIN FRAPPIER | § | |
| TURNER & ENGEL, LLP, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Ripe for ruling are Defendants Countrywide Home Loans, Inc.[1] ("Countrywide")

and Barrett Daffin Frappier Turner & Engel, LLP's ("Barrett Daffin") Motion to Strike

Expert Charles L. (Rusty) Williams and for Sanctions (Dkt. No. 125), Motion for Entry of

Order Granting Motion to Strike Expert Charles L. (Rusty) Williams and For Sanctions

(Dkt. No. 153), and Motion to Strike Plaintiff's Opposition to Motion to Strike Plaintiff's

Expert, Rusty Williams, and for Sanctions (Dkt. No. 158). Also ripe for ruling are Plaintiff

Steven C. Lopez' ("Lopez") Motion for Sanctions Regarding Recent Inconsistent Positions

and Abuse of Privilege (Dkt. No. 149) and Motion to Strike Incomplete Trial Management

Order (Dkt. No. 159).

### I. Factual and Procedural Background

On March 14, 2006, Lopez sued Countrywide for various causes of action

stemming from the alleged wrongful foreclosure of his residence in Corpus Christi, Texas.

This case has been actively litigated since that time. Specifically, the parties have

conducted numerous depositions, exchanged thousands of documents in response to

---

1. Countrywide was incorrectly named in the caption of this lawsuit as "Countrywide Mortgage."

discovery requests, submitted various motions, and the Court entered partial summary judgment on August 24, 2007, putting the title of the property back in Countrywide's name (Dkt. No. 68).

The Court's Scheduling Order, entered on August 31, 2007, set the deadline for adding new parties for October 1, 2007. (Dkt. No. 72.) After holding a telephone conference with the Parties on September 26, 2007, the Court stayed discovery based on Lopez' representation that he intended to add Countrywide's foreclosure counsel, Barrett Daffin, as a party to the action. Lopez was given until October 3, 2007, to add a new party. (Dkt. No. 76.) By unopposed motion, Lopez' deadline to add a new party was again extended to October 14, 2007. (Dkt. No. 79.) On October 15, 2007, Lopez finally filed his Third Amended Complaint adding Barrett Daffin as a Defendant. (Dkt. No. 80.) On October 31, 2007, the Court granted the Parties' unopposed motion to stay all remaining deadlines in the Scheduling Order, including the trial setting for April 2008, until Barrett Daffin could answer in this action. (Dkt. No. 87.)

Lopez' attorney, Samuel Livingston, filed a motion to withdraw as counsel on November 14, 2007, citing a "conflict of interest" (Dkt. No. 88), which the Court granted on December 7, 2007 (Dkt. No. 89). Lopez' new counsel appeared in the case on January 15, 2008. (Dkt. No. 91.) On February 15, 2008, Lopez filed a motion to join defendants Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") and to amend his complaint. (Dkt. No. 92.) Countrywide strenuously objected to the late addition and amendment. (Dkt. No. 94.) The Court denied both of Lopez' motions, citing "Plaintiff's own lack of diligence in timely adding these parties" and noting that to allow

Lopez to amend his complaint for a fourth time would "only cause additional delay in a case that has been pending for over two years." (Dkt. No. 103.)

On March 4, 2008, Countrywide filed a motion to strike Barrett Daffin because Lopez failed to serve Barrett Daffin within 120 days, as required by Federal Rule of Civil Procedure 4(m). (Dkt. No. 97.) On March 6—almost five months after filing his Third Amended Complaint—Lopez finally served Barrett Daffin with process. (Dkt. No. 98.) Lopez explained in his response to Countrywide's motion to strike that during the transition from the old attorney to the new attorney, no one realized that Barrett Daffin had not been served. (Dkt. No. 99.)

From March through July 2008, discovery progressed without incident and it appeared the Parties would be prepared for the October 2008 trial setting. However, the actions of Lopez' counsel once again led to delay. To begin with, the original deadline for the Parties to file motions for summary judgment in this case was August 15, 2008, but the deadline was extended until August 29, 2008 after Lopez' counsel cancelled the depositions of Lopez and his expert, Charles L. (Rusty) Williams ("Williams"), scheduled for July 24, 2008, due to the threat of Hurricane Dolly. (Dkt. Nos. 115 & 118.) Because the July 31, 2008, discovery deadline was quickly approaching, the Court granted Defendants' Emergency Motion to Compel Depositions (Dkt. No. 114) and ordered the Parties to agree on an alternative date for the depositions. (Dkt. No. 115.) The parties agreed that the deposition of Williams would take place on August 14, 2008 (Dkt. No. 125, Exs. 3 & 4), but on the scheduled deposition date, Williams did not appear. (Dkt. No. 125.)

Adding to this delay, on August 25, 2008, Lopez' former attorney, Samuel Livingston, filed a motion to reappear in the litigation *pro hac vice*. (Dkt. No. 119.) The

next day, Countrywide filed its objection to Lopez' motion, explaining that "Livingston's prior involvement with this case caused extreme expense and confusion with the Court and the parties." (Dkt. No. 121, ¶ 6.)[2] The Court held a hearing on the motion on September 3, 2008. In addressing Countrywide's concerns regarding potential delay, the Court admonished Livingston that it would grant no extensions and would tolerate no further delay. The Court specifically brought to Livingston's attention Countrywide's Motion for Summary Judgment filed August 29, 2008, including the fact that a reply would be due mid-September. Livingston acknowledged this deadline and assured the Court that he would not need additional time to file a response. Relying on Livingston's representation that allowing him to re-enter this litigation at such a late hour would cause no further delay, the Court granted Livingston's Motion to Appear *Pro Hac Vice*. (Dkt. No. 138.)

Countrywide filed its Motion for Summary Judgment on August 29, 2008. (Dkt. No. 127.) Countrywide and Barrett Daffin also filed Defendants' Motion to Strike Expert Charles L. (Rusty) Williams and for Sanctions ("Motion to Strike Expert") that same day. (Dkt. No. 125.) Lopez' responses to both motions were due September 19, 2008,[3] but that day came and went with no response from Lopez. On September 22, 2008, Lopez filed a Motion for 5-Day Extension of Time to Respond to Outstanding Motions for Summary Judgment and Motion to Strike Expert (Dkt. No. 145), which Countrywide adamantly opposed (Dkt. No. 147). Countrywide contended:

---

2. Countrywide further alleged, "Livingston is not admitted to practice in the State of Texas, which led to Plaintiff's pleading causes of action that did not exist in Texas and persistent reference to outdated Texas law. In addition, Livingston consistently refused to act with professionalism before the Court and with opposing counsel." *Id.*

3. The Local Rules for the Southern District of Texas require a non-movant to respond to a motion within twenty days from the day the motion is filed. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling twenty days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition).

> Plaintiff has no good cause upon which his requests to extend response deadlines may be granted. Plaintiff contends only that such extensions are warranted because he "filed a 32-page Supplemental Brief Regarding Motion to Dismiss for Failure to State a Claim with the Court on September 12, 2008". This justification is self-serving at best – the Motion to which Plaintiff's Brief was responding was filed by Defendant Barrett Daffin Frappier Turner & Engel almost 6 months ago, on March 28, 2008. Plaintiff had ample opportunity to supplement his response to the Motion to Dismiss during this period. Clearly, good cause cannot exist where Plaintiff cites his own neglect and inattention to justify an extension.

(Dkt. No. 147.) Over Countrywide's objections, on September 23, 2008, the Court granted Lopez' Motion for 5-Day Extension of Time, extending the deadline to respond to both motions until September 26, 2008. (Dkt. No. 148.) Then, a mere 12 minutes after the Court docketed the order granting Lopez' request for an extension of time, Lopez filed Plaintiff's Motion for Sanctions Regarding Recent Inconsistent Positions and Abuse of Privilege. (Dkt. No. 149.)

Lopez timely filed his response to Countrywide's Motion for Summary Judgment but failed to respond to Defendants' Motion to Strike Expert by the September 26, 2008, deadline. Thus, on September 29, 2008, Defendants filed a motion for entry of order granting their Motion to Strike Expert. (Dkt. No. 153.) Lopez filed his Response in Opposition to Defendants' Motion to Strike Expert on September 30, 2008 (Dkt. No. 156), and Defendants filed a motion to strike Lopez' response the next day (Dkt. No. 158).

Throughout the next three weeks, the Parties filed roughly twenty additional motions, responses, supplemental responses, additional evidence, etc. with the Court, including Lopez' Motion to Strike Incomplete Trial Management Order (Dkt. No. 159). On October 22, 2008, the Court entered an order cancelling the Parties' October trial and prohibiting the Parties from filing any further motions, briefs, supplements, or evidence until further order of the Court. (Dkt. No. 182.)

**II. Discussion**

**A.  Defendants' Motion to Strike Expert**

As explained *supra*, after Lopez' counsel cancelled the July 24, 2008, depositions of Lopez and his expert due to the threat of Hurricane Dolly,[4] at the direction of the Court, the Parties agreed that Williams' deposition would take place on August 14, 2008, but Williams failed to appear. The various motions to strike followed.

Lopez' actions are the product of a repetitive pattern of unjustified delay, and his response to Defendants' Motion to Strike Expert, if allowed, would represent a blatant end run around the Court's explicit orders. Lopez has not established good cause for the delay he has repeatedly caused throughout the course of this litigation, and he has not identified a case allowing such dilatory filing in response to a motion. Therefore, the Court is of the opinion that Lopez' untimely response to Countrywide's Motion to Strike Expert should be stricken. While the Court could simply grant Defendants' Motion to Strike Expert without any consideration because it is deemed unopposed, erring on the side of caution, the Court has carefully reviewed the arguments contained in the Defendants' Motion, and finds them to have merit.[5]

As noted *supra*, Defendants ask the Court to strike Lopez' expert and award them attorneys fees based on Lopez' failure to produce Williams for deposition. Pursuant to Federal Rule of Civil Procedure 37(b), if a party fails to obey an order to provide or permit discovery, the Court may prohibit the disobedient party from introducing designated

---

4. The Parties disagree on whether Hurricane Dolly actually posed any threat to Houston, Texas, where the depositions were to take place, during the time in question. The Court will give Lopez the benefit of the doubt in this matter.

5. On October 20, 2008, the Court granted Summary Judgment in favor of Defendant Barrett Daffin on all counts. (Dkt. No. 181.) Because Barrett Daffin seeks attorney's fees, Defendants' Motion to Strike Expert is still ripe as to both Defendants.

matters in evidence. FED. R. CIV. P.  37(b)(2)(a)(2). The Rule further provides that the

Court "*must* order the disobedient party, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." FED. R.

CIV. P. 37(b)(2)(C) (emphasis added).

Pursuant to the Court's July 24, 2008, Order, Counsel for Lopez agreed to make

Williams available on August 14, 2008. Williams' letter to John Cromwell confirms that

counsel for Lopez was put on notice that Williams was unavailable and unwilling to be

deposed as a witness in this case, but scheduled the deposition anyway:

> Apparently, you attempted to schedule my deposition  . . . without any
> contact with me what-so-ever. . . . You know when you first called me
> about scheduling my deposition I told you (on two occasions) that I would
> not agree to be deposed until your client has paid my large and substantially
> past due invoice.

(Dkt. No. 125, Ex. 2.) Thus, Defendants contend:

> It is clear . . .  that Plaintiff scheduled Williams' deposition with the
> expectation that he would not appear. Even as counsel for Defendants and
> Plaintiff awaited the arrival of Williams the morning of the deposition,
> Plaintiff's counsel's demeanor was one of surprise in Williams' failure to
> appear for the deposition. Correspondence from Williams proves otherwise.

(Dkt. No. 125 at 3.)

Lopez and his counsel have failed to make Williams available in order that

Defendants may depose him. Thus, the designation and any testimony of Williams shall be

stricken. Further, while cancelling a deposition due to a hurricane is excusable, the actions

of Lopez' counsel in rescheduling the deposition were not. The Court is of the opinion that

the failure of Lopez and his counsel to comply with this Court's order was not substantially

justified, and an award of expenses is not unjust.  Therefore, Defendants Countrywide and

Barrett Daffin are entitled to expenses, including attorney's fees and costs, in preparing for Williams' deposition.

### B.  Lopez' Motion for Sanctions

Lopez filed Plaintiff's Motion for Sanctions Regarding Recent Inconsistent Positions and Abuse of Privilege ("Motion for Sanctions") on September 23, 2008. (Dkt. No. 149.) Lopez alleges that Countrywide refused to produce a number of emails and other documents relating to the foreclosure of his home, wrongfully claiming the documents are privileged as attorney work product. According to Lopez, if the foreclosure sale was not a judicial proceeding, as Countrywide argued in response to Lopez' claims for abuse of process and malicious prosecution, then the documents could not have been prepared in anticipation of litigation and are therefore discoverable. Lopez now asks the Court to "sanction Countrywide for taking inconsistent positions" and force Countrywide to "produce all documents in its privilege log which are deemed to be subject to a work product privilege." (Dkt. No. 149 at 2.)

Countrywide filed its timely response to Plaintiff's Motion for Sanctions on October 16, 2008. (Dkt. No. 177.) According to Countrywide, Lopez' motion was both untimely and baseless—a "'too little, too late'" plea to the Court to "sanction Countrywide for arguments that Plaintiff cannot overcome in summary judgment, and to force Countrywide to produce documents that Plaintiff neglected to pursue in discovery." (*Id.* at 1.)

The Court is of the opinion that Lopez' Motion for Sanctions should be denied for the same reason the Court granted Countrywide's Motion to Strike Expert—Lopez' repeated pattern of behavior resulting in the delay of this case. The Court's original April

3, 2008, Scheduling Order required the Parties to file all motions by August 15, 2008. (Dkt. No. 104.) Though the motions deadline was extended until August 29, 2008, by agreement of the Parties and approval of the Court (Dkt. No. 118), Lopez failed to file his Motion for Sanctions before this deadline. Further, the documents and privilege log about which Lopez complains were provided to him over two years ago, and Lopez never objected to or sought an order to compel production of these documents during the discovery period, which concluded on July 31, 2008, by order of the Court, and was briefly extended solely for taking depositions of Lopez and his expert. (Dkt. No. 115.) Lopez filed his Motion for Sanctions without leave of court and without offering any explanation why the Court should entertain a motion filed past the motions deadline seeking documents Lopez failed to diligently pursue during the discovery period.[6]

### C.  Lopez' Motion to Strike Order

Lopez filed his Motion to Strike Incomplete Trial Management Order ("Motion to Strike Order") on October 1, 2008. (Dkt. No. 159). Countrywide did not respond to this motion. Under the Local Rules of the Southern District of Texas, failure to respond to a motion within the required time frame will be taken as a representation of no opposition. *See* S.D. Tex. Local Rules 7.3, 7.4. The Court could simply grant Lopez' Motion to Strike Order without any consideration because it is unopposed, but, erring on the side of caution, the Court has carefully reviewed the arguments contained in Lopez' motion.

---

[6]. As noted in the Court's October 22, 2008 Order (Dkt. No. 182), Countrywide also filed a number of motions past the motions deadline. (Dkt. Nos. 142, 153, 154, 158, 166, 168, 169, 176, 179.) With the exception of the motions relating to Countrywide's Motion to Strike Expert discussed *supra*, which was brought before the motions deadline, all of Countrywide's motions involved objections to the evidence in Lopez' various briefs relating to summary judgment. Unlike Lopez' Motion for Sanctions, Countrywide's motions involved issues that did not arise until after the motions deadline.

Lopez asks the Court to strike Countrywide's Pretrial Order filed September 26, 2008, (Dkt. No. 151) because Countrywide would not agree to Lopez' request for an extension of time to prepare his portion of the Joint Pretrial Order. Pursuant to the Court's original Scheduling Order, the Parties' Joint Pretrial Order was due on September 26, 2008. Regardless of any communications between the Parties, neither party requested or was granted an extension of time from the Court. Thus, the deadline for filing the Parties' Joint Pretrial Order was still September 26, 2008, and Countrywide was required to comply with the Court's Scheduling Order, with or without Lopez' input. The Court will not strike Countrywide's Pretrial Order as incomplete.

Lopez also asks the Court to further require the Parties to submit an "agreeable Trial Management Order" following the Court's ruling on the Parties' currently pending cross motions for summary judgment. The Court is of the opinion that this request should be granted.

### III. Conclusion

Defendants' Motion to Strike Plaintiff's Opposition to Motion to Strike Plaintiff's Expert, Rusty Williams, and for Sanctions (Dkt. No. 158) is GRANTED. The Court ORDERS Lopez' untimely Response in Opposition to Countrywide's Motion to Strike Expert Charles L. (Rusty) Williams and For Sanctions (Dkt. No. 156) stricken from the record. The Court further ORDERS Williams and his testimony in this matter stricken, and GRANTS Defendants' request for leave to file evidence of their expenses, including attorneys fees and costs, in preparing for Rusty Williams' deposition, but excluding the costs and fees in preparing the related motions. Defendants' Motion to Strike Expert Charles L. (Rusty) Williams and for Sanctions (Dkt. No. 125) and Defendants' Motion for

Entry of Order Granting Motion to Strike Expert Charles L. (Rusty) Williams and For

Sanctions (Dkt. No. 153) are hereby GRANTED in part and DENIED in part.

Lopez' Motion for Sanctions Regarding Recent Inconsistent Positions and Abuse

of Privilege (Dkt. No. 149) is DENIED.

Lopez' Motion to Strike Incomplete Trial Management Order (Dkt. No. 159) is

GRANTED in part and DENIED in part.

It is so ORDERED.

Signed this 21st day of January, 2009.


_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE