UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN C. LOPEZ, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-116 |
| | § | |
| COUNTRYWIDE MORTGAGE | § | |
| & BARRETT DAFFIN FRAPPIER | § | |
| TURNER & ENGEL, LLP, | § | |
| | § | |
|    Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Steven C. Lopez' ("Lopez") Motion for Reconsideration of Court's Order Dated January 21, 2009 as to Sanctions for Inconsistent Positions Regarding Attorney Work Product (Dkt. No. 185), to which Defendant Countrywide Home Loans, Inc.[1] ("Countrywide") has responded (Dkt. No. 191), and Lopez has replied (Dkt. No. 193). After considering the motion, responses, record, and applicable law, the Court is of the opinion that Lopez' motion should be DENIED.

**Background**

Lopez filed Plaintiff's Motion for Sanctions Regarding Recent Inconsistent Positions and Abuse of Privilege ("Motion for Sanctions") on September 23, 2008, alleging that Countrywide refused to produce a number of emails and other documents relating to the foreclosure of his home, wrongfully claiming the documents were privileged as attorney work product. (Dkt. No. 149.) Lopez claimed that if the foreclosure sale was not a judicial proceeding, as Countrywide argued in response to Lopez' claims for abuse of process and malicious prosecution, then the documents could not have been prepared in anticipation of litigation and were therefore

---

   1. Countrywide was incorrectly named in the caption of this lawsuit as "Countrywide Mortgage."

1

discoverable. Thus, Lopez sought sanctions against Countrywide "for taking inconsistent positions" and asked the Court to force Countrywide to "produce all documents in its privilege log which are deemed to be subject to a work product privilege." (Dkt. No. 149 at 2.) Countrywide filed its timely response to Plaintiff's Motion for Sanctions on October 16, 2008, calling Lopez' motion a "'too little, too late'" plea to the Court to "sanction Countrywide for arguments that Plaintiff cannot overcome in summary judgment, and to force Countrywide to produce documents that Plaintiff neglected to pursue in discovery." (Dkt. No. 177 at 1.)

The Court denied Lopez' Motion for Sanctions, citing Lopez' repeated pattern of behavior resulting in the delay of this case. (Dkt. No. 184.) Lopez failed to file his Motion for Sanctions before the Court's August 29, 2008 deadline for filing motions. Further, the documents and privilege log about which Lopez complained were provided to him over two years ago, and Lopez never objected to or sought an order to compel production of this material during the discovery period. As the Court explained, "Lopez filed his Motion for Sanctions without leave of court and without offering any explanation why the Court should entertain a motion filed past the motions deadline seeking documents Lopez failed to diligently pursue during the discovery period." (*Id.* at 9.) Lopez now asks the Court to reconsider its decision.

## Legal Standard

The Federal Rules do not explicitly provide for motions for reconsideration of interlocutory orders. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, a recent case out of the Southern District of Texas, Houston Division, succinctly provides the legal standard applicable to such motions:

> A court retains the power to revise any interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to

change the order or judgment issued. *Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D.P.R. 1999). Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders.

*T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2785636, *2 (S.D.Tex. 2008). Accordingly, the Court will analyze Lopez' motion using the same criteria applicable to a motion to alter or amend the judgment pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478—79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order." *T-M Vacuum Products, Inc.*, 2008 WL 2785636, at *2 (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127—28 (2d ed. 1995) (footnotes omitted); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863—64 (5th Cir. 2003).

**Analysis**

Lopez' entire motion for reconsideration merely restates all of the arguments that he made prior to the Court's January 21, 2009 ruling, which Lopez readily admits. "Countrywide's opposition at this juncture says the Plaintiff is arguing the same thing, which is in fact true." (Dkt. No. 193 at 2 ¶ 7.) It does not appear that Lopez has presented any new evidence or new legal theories, but even if he has, he has clearly not presented any arguments that could not have been raised prior to the Court's ruling on the issue in question.

Furthermore, to the extent that Lopez' attempts to flesh out his prior arguments, the Court finds no merit to Lopez' claims. First, with respect to Lopez' assertion that "[t]hroughout the

course of this litigation, the Plaintiff accepted this position surrounding activities during a foreclosure as constituting litigation activities, and accordingly submitted claims for abuse of process" (Dkt. No. 185 at 1 ¶ 2), the Court notes that the basis for Lopez' abuse of process claim was the Rescission Deed, and not the alleged wrongful foreclosure of his home. Next, Lopez could easily have ascertained that the foreclosure sale was non-judicial at the time the sale occurred, regardless of any representations made by Countrywide during the course of this litigation, and Lopez should have filed a motion to compel production of the allegedly privileged documents *within the discovery period.* Therefore, in the absence of any new arguments or evidence that could not have been raised in the prior proceedings, the Court denies Lopez' motion for reconsideration.

## Conclusion

Plaintiff's Motion for Reconsideration of Court's Order Dated January 21, 2009 as to Sanctions for Inconsistent Positions Regarding Attorney Work Product (Dkt. No. 185) is DENIED.

It is so ORDERED.

SIGNED this 20th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE