# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **STEVEN C. LOPEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:06-116** |
| | § | |
| **COUNTRYWIDE MORTGAGE** | § | |
| **& BARRETT DAFFIN FRAPPIER** | § | |
| **TURNER & ENGEL, LLP,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

### Background

Steven C. Lopez ("Lopez") sued Countrywide Home Loans, Inc.[1] ("Countrywide") for various causes of action stemming from the alleged wrongful foreclosure of his residence in Corpus Christi, Texas. Lopez later amended his Complaint to include Countrywide's foreclosure counsel, Barrett Daffin Frappier Turner & Engel, LLP's ("Barrett Daffin"), as a Defendant. In support of his case, Lopez retained Charles "Rusty" Williams ("Williams") as an expert witness. The Parties agreed that the depositions of Lopez and Williams would take place on July 23—24, 2008 in Houston, Texas; however, at the last minute Lopez' counsel cancelled the depositions due to the threat of Hurricane Dolly.[2] At the direction of the Court, the Parties agreed that Williams' deposition would take place on August 14, 2008, but on the scheduled deposition date, Williams failed to appear. Shortly thereafter, Defendants filed a

---

1. Countrywide was incorrectly named in the caption of this lawsuit as "Countrywide Mortgage."
2. The Parties disagreed on whether Hurricane Dolly actually posed any threat to Houston, Texas, where the depositions were to take place, during the time in question. The Court gave Lopez the benefit of the doubt in this matter.

joint Motion to Strike Expert Charles L. (Rusty) Williams and for Sanctions (Dkt. No. 125),

which the Court subsequently granted, explaining:

> Pursuant to the Court's July 24, 2008, Order, Counsel for Lopez agreed to make Williams available on August 14, 2008. Williams' letter to John Cromwell confirms that counsel for Lopez was put on notice that Williams was unavailable and unwilling to be deposed as a witness in this case, but scheduled the deposition anyway.
>
> . . .
>
> Lopez and his counsel have failed to make Williams available in order that Defendants may depose him. Thus, the designation and any testimony of Williams shall be stricken. Further, while cancelling a deposition due to a hurricane is excusable, the actions of Lopez' counsel in rescheduling the deposition were not. The Court is of the opinion that the failure of Lopez and his counsel to comply with this Court's order was not substantially justified, and an award of expenses is not unjust.  Therefore, Defendants Countrywide and Barrett Daffin are entitled to expenses, including attorney's fees and costs, in preparing for Williams' deposition.

(Dkt. No. 184 at 7—8.) The Court then granted Defendants' request for leave to file evidence

of their expenses, including attorneys' fees and costs, in preparing for Williams' deposition,

but excluding expenses related to preparing motions regarding the deposition. Defendants

have submitted this evidence, and the Court must now determine what fees are reasonable.

### Legal Standard

In determining the appropriate award of attorneys' fees, the Court must calculate a

"lodestar" fee by multiplying the reasonable number of hours expended on the case by the

attorneys' reasonable hourly rate.  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319,

324 (5th Cir. 1994).  The party seeking to recover fees carries the burden of proving the

reasonableness and necessity of hours worked and rate charged.  *Smith v. United Nat'l Bank-*

*Denton*, 966 F.2d 973, 978 (5th Cir. 1992).   It is within the Court's discretion to adjust the

lodestar figure by considering several factors established in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714, 717—19 (5th Cir. 1974).[3] While a court may adjust the lodestar figure based on the specific circumstances of the case at hand, the lodestar method is presumed to yield the proper amount of attorneys' fees to which a party is entitled. *See Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 565 (1986). Moreover, in diversity cases, an award of attorneys' fees is "entrusted to the sound discretion of the trial court" and is governed by state law. *See Texas Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990).

### Analysis

#### A. Barrett Daffin's Request for Fees

Barrett Daffin requested fees and expenses in the amount of $1,671.13. In support of this request, Barrett Daffin offered the Declaration of Michael J. McElroy, Jr. (Dkt. No. 187.)[4] The $1,671.13 figure was calculated as follows:  (A) Mr. McElroy's 7.3 hours, multiplied by $190.00 (subtotal $1387.00); plus (B) Mr. McElroy's legal assistant's 0.7 hours, multiplied by $90.00 (subtotal $63.00); plus Mr. McElroy's hotel expenses ($221.31). Lopez has offered no objection to Barrett Daffin's request; therefore, the Court finds Barrett Daffin is entitled to fees and expenses in the amount of $1,671.13.

#### B.  Countrywide's Request for Fees

Countrywide initially claimed it had incurred $22,608.60 in fees and expenses related to Williams' deposition but requested that only $15,000 be assessed against Lopez and his attorneys. In support of this request, Countrywide submitted the Declaration of A. Shonn

---

3.  The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Jason D.W. v. Houston ISD*, 158 F.3d 205, 209 (5th Cir. 1998).

4.  Mr. McElroy, an attorney at Maris & Lanier, P.C., is lead counsel for Barrett Daffin in this action.

Brown in Support of Costs and Attorneys' Fees. (Dkt. No. 186.)[5] Lopez objected on the grounds that the amount requested was too high. (Dkt. No. 188.) Countrywide then voluntarily revised its demand to $12,934.75. (Dkt. No. 192.)

The Court has attempted to break down Countrywide's proposed lodestar figure as follows: (A) Ms. Brown's 30.4 hours, multiplied by $275.00 (subtotal of $8360.00); plus (B) attorney James M. Wortman's 15.4 hours, multiplied by $200.00 (subtotal of $3080.00); plus (C) Ms. Brown's hotel expenses ($263.25); plus (D) Mr. Wortman's hotel expenses ($263.25); plus (E) the videographer's fee ($236.50). (Dkt. No. 186, Ex. A—D; Dkt. No. 192.)[6] These amounts combine for a total of $12,203.00. The Court is unable to reach the $12,934.75 figure demanded by Countrywide, and it is unclear how Countrywide arrived at this amount, as they did not provide any calculations.

Lopez does not contest Countrywide's asserted hourly rates of $275.00 for Ms. Brown or $200.00 for Mr. Wortman, nor does he complain about their hotel expenses or the cost of the videographer. Instead, Lopez objects solely to the number of hours Ms. Brown and Mr. Wortman allege to have worked and asks that the award be reduced.  Because their hourly rates are unopposed and reasonable, the Court must determine how much time was reasonably necessary in order for Countrywide's counsel to prepare for Williams' deposition. As required under Fifth Circuit precedent, Countrywide has presented adequately documented time records to the Court. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Lopez does not point to any specific entries in these time sheets as duplicative or unproductive. He simply claims:

---

5. Ms. Brown, a partner at Locke Lord Bissell & Liddell, LLP, is lead counsel for Countrywide in this action.

6. Countrywide did not ask for travel time or expenses between Dallas and Houston, as counsel were already in Houston for Lopez' deposition.

> This billing is not only unreasonable, but shocks the conscience of any reasonable person. At most, the lost time would be 9a.m. to 5p.m., less an hour for lunch or (7) hours, plus three to four (3-4) hours of preparation for the deposition, for a total of 11 hours at $544.00 per hour for a maximum billing or $5,984.00, which is still excessive for this incident.

(Dkt. No. 188 at 2.)

The Court believes that a diligent attorney would require far more than three to four hours to adequately prepare for the deposition, since Williams' expert report was nearly 50 pages long. Still, the Court is of the opinion that some hours billed by Countrywide's counsel were repetitive, as counsel should have been fully prepared for Williams' deposition before it was cancelled on such short notice and should have required little additional time to prepare when it was rescheduled. Moreover, some hours billed by Countrywide's counsel were outside the scope of the Court's Order, which provided that expenses related to preparing motions regarding Williams' deposition were to be excluded (Dkt. No. 184). Therefore, the Court will reduce Ms. Brown's time billed from August 5—13, 2008 by 4.2 hours and will reduce Mr. Wortman's time billed during this same period by 5.3 hours. The Court will also exclude any hours billed in relation to Countrywide's Emergency Motion to Compel (1.3 hours) and Motion to Strike (2.2 hours), and will exclude the phone call with Lopez' counsel on July 25, 2008, as the call also concerned the deposition of Lopez (0.5 hours).

The Court has  determined the reasonable lodestar figure as follows: (A) Ms. Brown's 22.2 hours, multiplied by $275.00 (subtotal of $6105.00); plus (B) Mr. Wortman's 10.1 hours, multiplied by $200.00 (subtotal of $2020.00); plus (C) Ms. Brown's hotel expenses ($263.25); plus (D) Mr. Wortman's hotel expenses ($263.25); plus (E) the videographer's fee ($236.50). These amounts combine for a total of $8,888.00.

**Conclusion**

The Court finds that Barrett Daffin's reasonable attorneys' fees and costs are $1,671.13 and Countrywide's reasonable attorneys' fees and costs are $8,888.00. Lopez and his counsel shall pay these amounts to counsel for Barrett Daffin and Countrywide, respectively, by certified check or wire transfer within ten (10) business days of the signing of this order.

It is so ORDERED.

SIGNED this 1st day of April, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE